**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL E. LOVE, SR.,**<br><br>  **Plaintiff,**<br><br>  **v.**<br><br>**DEVON ENERGY PRODUCTION COMPANY L.P.,**<br><br>  **Defendant.** | Case No. 16-2595-CM |

## MEMORANDUM & ORDER

Pro se plaintiff Michael E. Love, Sr., brings this action against defendant Devon Energy Production Company, for breach of contract related to unpaid royalties. Plaintiff claims that he inherited real property in Texas subject to an oil and gas lease and that he has not received any payments from defendant. The case is now before the court on defendant's Motion to Dismiss for lack of jurisdiction (Doc. 11). Because plaintiff has not shown this court has personal jurisdiction over defendant, the court grants defendant's motion.

### I.  Legal Standards

Defendant moves to dismiss plaintiff's complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. In a diversity action, such as this one, the plaintiff bears the burden of showing that "exercising jurisdiction is proper under the laws of the forum state and that doing so comports with the due process requirements of the Constitution." *Hutton & Hutton Law Firm, LLC v. Girardi & Keese*, 96 F.Supp. 1208, 1215 (D. Kan. 2015). The Kansas long-arm statute is "construed liberally to permit the exercise of any jurisdiction that is consistent with the United States Constitution," therefore, the court may forego a statutory analysis and proceed directly to the due process inquiry. *Id.*

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a defendant "be given adequate notice of the suit [citation omitted], and be subject to the personal jurisdiction of the court [citation omitted]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). A court may only exercise personal jurisdiction over a nonresident defendant when the plaintiff has established that there are "minimum contacts" between the defendant and the forum state and that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 292. "The relationship between the defendant and the forum must be such that it is 'reasonable . . . to require the [defendant] to defend the particular suit which is brought there." *Id.*

The minimum contacts standard is met when a plaintiff can establish that the contacts give rise to either (1) general jurisdiction, or (2) specific jurisdiction. *See Goodyear Dunlop Tires, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists when the defendant's affiliations with the forum "are so continuous and systematic as to render them essentially at home in the forum State." *Id.* Specific jurisdiction, however, "depends on an affiliation between the forum and the underlying controversy"—in other words—that the activity or occurrence underlying the litigation takes place in the forum State and is therefore subject to the State's regulation. *Id.*

## II.    Analysis

Plaintiff, a resident of Kansas City, Kansas, filed suit against defendant, an Oklahoma resident, for breach of contract related to alleged unpaid royalties. Plaintiff claims $75,000 in damages. While this court may have jurisdiction over the case based on the diversity of the parties, plaintiff still must establish the court's personal jurisdiction over defendant. As noted above, plaintiff must prove defendant has the requisite minimum contacts with the state of Kansas.

In its motion to dismiss, defendant provided evidence that it is a limited partnership organized and operating under the laws of Oklahoma and headquartered in Oklahoma City, Oklahoma. (Doc. 11-1, at 1–2.) Defendant's partners and corporate umbrella entity are organized and operating under the laws of Oklahoma or Delaware. (Doc. 11-1, at 1–2.) Defendant has no offices, operations, or employees in Kansas. (Doc. 11-2, at 2.)

Plaintiff responded to defendant's motion to dismiss after this court issued a Show Cause Order (Doc. 13). Plaintiff's response, however, fails to address any of defendant's arguments regarding jurisdiction. While this court is mindful that plaintiff is proceeding pro se, it does not change the fact that plaintiff has failed to provide any evidence that would establish the court's personal jurisdiction over defendant. Defendant has no contacts with the state of Kansas beyond its relationship with plaintiff. And to establish minimum contacts, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (noting that it is the defendant's conduct, and not merely its contact with the plaintiff, that must form the "necessary connection with the forum State that is the basis for its jurisdiction over him.").

Because plaintiff has failed to meet his burden to show that defendant has the requisite minimum contacts with the state of Kansas, the court finds it does not have personal jurisdiction over defendant and grants defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 11) is granted. Plaintiff's complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Order (Doc. 16) is denied as moot.

Dated April 7, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**